(975 P.2d 1226)
No. 78,965

RON AND MICHELLE WEINLOOD, *Appellees*, v. FISHER & ASSOCIATES, INC., *Appellant*.

—

Opinion filed March 5, 1999.

*Stephen J. Jones*, of Law Office of Stephen J. Jones, of Wichita, for appellant.

*Mark A. Kahrs*, of Kahrs Law Offices, of Wichita, for appellees.

Before ROYSE, P.J., WAHL, S.J., and ROBERT J. SCHMISSEUR, District Judge, assigned.

WAHL, J.: Fisher & Associates, Inc. (Fisher) appeals the district court's decision that Fisher was liable for failure to procure insurance coverage for Ronald and Michelle Weinlood's privacy fence.

Ronald Weinlood contacted Fisher, an insurance agency, in an effort to secure a less expensive homeowner's policy. Fisher did not provide the insurance policy itself and is not the insurer. Fisher acted as Weinlood's agent and secured an insurance policy for Weinlood through another company.

This action was initially filed in small claims court after Weinlood's fence was damaged and the insurer refused coverage. Wein-

lood prevailed in the small claims court and Fisher appealed. Weinlood again prevailed in the district court and Fisher again appeals.

At trial, Weinlood testified that he contacted Fisher and spoke to a licensed insurance agent named Pauline Nicholson. He told Nicholson that his mortgage required him to maintain coverage on the fence surrounding his yard. Nicholson contacted Weinlood the following day and told him she found a policy for him. Weinlood went to the Fisher office where Nicholson and Weinlood filled out an application. She pointed out a portion of one form and explained the fence would be covered in an amount around $5,000. Thirty to forty days later, Weinlood received the insurance policy in the mail. He never read it.

Thereafter, Weinlood's fence was damaged in a storm. Weinlood called Nicholson and asked that an adjuster be sent, but none was available. Nicholson instructed Weinlood to take pictures of the damaged fence and get an estimate for repair. Weinlood did this and brought the requested items to Nicholson, who said she would forward the claim to the insurer.

The insurer eventually denied coverage because the policy did not include coverage for the fence. Weinlood contacted Nicholson, who, Weinlood testified, seemed shocked to hear the policy did not cover the fence. Weinlood testified the fence was repaired and he owes approximately $1,300 for the repairs. Nicholson testified Weinlood never requested coverage for the fence. After hearing the evidence, the district court awarded damages to Weinlood. Fisher appeals.

Fisher challenges the legal basis for the court's ruling in favor of Weinlood, arguing Weinlood had a duty to read the insurance policy and since he failed in this duty, Fisher cannot be held liable. We disagree.

The district court, in its ruling, clarified the relationships of the parties in the case:

"Fisher and Associates, Inc., is an independent agency that procures insurance policies on behalf of clients. As such, Fisher is not an agency [sic] for the insurer and cannot bind an insurance company by any of its actions. In this instance, Fisher is actually an agent for the . . . plaintiff. The Court finds that the plaintiff

dealt with Pauline Nicholson, who is a licensed sales agent and a long-time employee of Fisher and Associates."

This is an action against an insurance agent for failure to procure requested insurance, not an action against an insurer.

The district court was correct in concluding Fisher was liable for failing to procure the requested policy. *Marshel Investments, Inc. v. Cohen*, 6 Kan. App. 2d 672, 634 P.2d 133 (1981), involved an action by an insured against an insurance agent. The insured requested "complete insurance coverage" on a leased oil well. The insured thereafter suffered a loss not covered by the insurance policy. Despite the fact the insured neither read the policies nor complained to the agent about insufficient coverage, the court found the agent was liable. 6 Kan. App. 2d at 675. The court explained that an insurance agent who procures insurance for another owes the duty to exercise the care, skill, and diligence of a reasonably prudent and competent agent in the same circumstances. 6 Kan. App. 2d at 683.

While the case of *Pfiester v. Insurance Co.*, 85 Kan. 97, 116 Pac. 245 (1911), is factually distinguishable in that the procuring agent was acting as the agent of the insurance company, and the action was for the reformation of an insurance policy, the rulings of the court are informative. Citing prior case law, the court stated:

"In the case of *Insurance Co. v. Darrin*, 80 Kan. 578, it was held that the insured has the right to assume that the policy he receives is prepared in accordance with his application; that it is the duty of the insurer so to prepare it; and that the fact that the insured does no[t] read the policy until after a loss has occurred will not defeat recovery." 85 Kan. at 104.

The court held:

"If the insured, or the plaintiff, had discovered the omission from the application and the error in the policy it would have been his duty to call them to the attention of the company and have the necessary corrections made. Delay would have indicated acquiescence, and if sufficiently prolonged might have affected the right to the equitable remedy of reformation. But there is no evidence that the mistakes were discovered until the policy had matured by the death of the insured. Meanwhile, the plaintiff and the insured were not negligent in failing to examine the application or the policy and were justified in supposing that they had been written as contemplated." 85 Kan. at 105-06.

The district judge properly determined that Fisher was liable for failing to exercise due care in procuring a requested policy for the Weinloods.

Fisher also argues the trial court's decision finding Fisher liable does not rest on substantial competent evidence. We do not agree. The facts show the decision was supported by such evidence. The evidence was controverted, and the trial judge addressed that in his comments. He had the benefit of observing the witnesses and found Weinlood "to have been a generally credible witness who recalled specific details of the transaction."

Affirmed.